IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| Kevin Michael Hoff, | ) |
| | ) |
| Plaintiff, | ) |
| | ) **ORDER** |
| vs. | ) |
| | ) |
| Dave Krabbenhoft, Director of NDSP, et al., | ) Case No. 1:23-cv-029 |
| | ) |
| Defendants. | ) |

Plaintiff is an inmate at the North Dakota State Penitentiary. In September 2022, he filed suit against Warden Sayler, claiming that restrictions on his access to food and/or commissary items were preventing him from managing his Type I diabetes, that with his legal mail had been tampered with, and that he had been denied an opportunity to call witnesses and present documentary evidence in his defense at a disciplinary hearing. See Hoff v. Sayler, 1:22-cv-152 (D.N.D.) (hereinafter "Hoff I"). This suit is still pending.

Plaintiff initiated the above-captioned action on February 13, 2023, with the submission of an application to proceed in forma pauperis and proposed complaint in which he asserts the following:

> Dave Krabbenhoft, Jordan Kelly, Lacey Fisher, Doug Roggenbuck, Stephanie Graving, Belinda Baron, knew and allowed to continue repeatedly insulin overdoses causing repeated physical harm. they took steps to make false reports hiding repeated overdoses and complaints.
>
> * * *
>
> Dave Krabeenhoft, Lacey Fisher, Dave Rogenbuck, Belinda Barron refused me witnesses and evidence on a hearing 5-13-22. They falsified my testimony to hide repeated insulin doses causing physical harm and fine me $1000.00.

1

(Doc. Nos. 1 and 2) (errors in original).

The Prison Litigation Reform Act requires the court to conduct an initial review of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).  On initial review, the court must dismiss the complaint if it: "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).  The full fee will be regardless of whether the complaint survives initial review. See 28 U.S.C. §§ 1915(e)(2) and 1915(A).  Should the complaint fail to survive initial review, the prisoner will be assessed a "strike."  The "three strikes" of the Prison Litigation Reform Act provides that a prisoner who has had three prior civil actions or appeals dismissed as frivolous, malicious, or for failure to state a claim may not proceed in a civil action in forma pauperis unless he is "under imminent danger of serious physical injury."  28 U.S.C. § 1915(g).

At first blush, it appears that the claims Plaintiff is endeavoring to assert in the instant case are the same or similar to those he is asserted in Hoff I, albeit against additional individuals.  The court may dismiss a duplicative complaint raising issues directly related to issues in another pending action brought by the same party." Barber v. Frakes, No. 8:21CV285, 2021 WL 4748688, at *2 (D. Neb. Oct. 12, 2021) (citing Aziz v. Burrows, 976 F.2d 1158, 1158 (8th Cir. 1992); see also Sanders v. Washington, 582 F. Supp. 3d 543, 547 (W.D. Mich. 2022) (citing cases from seven circuits for the proposition that "[p]laintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendants" and that a district court, "as part of its inherent power to administer its docket...may dismiss a suit that is duplicative of another federal court suit.").

Plaintiff presently has two options. First, he can elect to proceed with the above-captioned case. If he elects to proceed with the above-captioned case, the court will first address his application to proceed in forma pauperis. If the court the grants his application, Plaintiff will be assessed another filing fee payable in installments and his complaint will be subject to an initial screening. See 28 U.S.C. §§ 1915(e)(2) and 1915(A). Given that his claims in the above-captioned case mirror those he asserted in Hoff I, the court is likely to consolidate the two cases. See Fed.R.Civ.P. 42(a) ("When actions involving a common question of law or fact are pending before the court . . . it may order all actions consolidated . . . ."); see e.g., Bendzak v. Midland Nat. Life Ins. Co., 240 F.R.D. 449, 450 (S.D. Iowa 2007) ("Whether to consolidate actions under Rule 42(a) is vested in the court's discretion . . .and the district court can consolidate actions sua sponte." (internal citation omitted)).

Second, Plaintiff can elect to voluntarily dismiss the above-captioned case without prejudice and is free to file a motion to amend his complaint in Hoff I to include additional parties and claims and/or supplement his existing claims. In doing, so he can avoid the assessment of another filing fee and can still can seek to amend his complaint in Hoff I to include what he has asserted in the above-captioned case.

Plaintiff shall have until April 21, 2023, to submit a report advising the court on how he wants to proceed. If the court does not hear back from Plaintiff by April 21, 2023, it shall be proceed to address his pending motion to proceed in forma pauperis.

**IT IS SO ORDERED**.

Dated this 10th day of April, 2023.

/s/ Clare R. Hochhalter
Clare R. Hochhalter, Magistrate Judge
United States District Court